# 7282

NO. 7282.

SUCHESSION

OF

ROBERT HUXEN.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

# OPINION.

St. Paul, Judge.

## ON MOTION TO DISMISS.

This is an appeal by an administratrix from a judgment on an opposition to an alleged final account. The opponent, appellee here, moves to dismiss the appeal for want of jurisdiction in this court.

The account shows cash assets amounting to less than $2000, but the inventory shows total assets exceeding that amount, to wit, Real estate $3000 and personal property $1578.93.

On the face of the account the liabilities of the succession exceed its assets, but not the amount of the inventory.

The opposition not only prays for the recognition of plaintiffs claim (not allowed in the account) with a privilege, and that certain other claims be disallowed, but it further charges that the account "does not show all the assets of the estate" and prays that it be "amended so as to increase the assets by adding to it such assets as may appear x x x to have been omitted from the account.

1.

As it is perfectly clear that the administratrix must finally account for every item contained in the inventory, it folllows that the inventory constitutes ordinarily and primarily the fund to be distributed, and forms the basis of appellate jurisdiction. Succession of Johnson, 141 La 842. And this inventory continues to be the basis of appellate jurisdiction until the amount of the assets has by successive distribution been finally reduced below the lower limit of the court first vested with jurisdiction. In re Petit & Boh, 128 La 163, and authorities there cited.

11.

Counsel for the administratrix, appellant here, states from the bar that the reason why the real estate does not appear on the accou is that in point of fact the said real estate does not belong to the Succession and never stood in the name of the deceased; that the only interest of the deceased in said real estate was an option ther

upon which the deceased had made a deposit, which is accounted for by an item on the account reading; "Cash interest on deposit $116."

But the record contains not a scintilla of proof to that effect, and counsel for the opponent states from the bar that he does not concede this as a fact.

Now, as the opponent may succeed in establishing his claim and yet fail to have his privilege recognized or to have stricken from the account those items which he opposes, it is clear that he has an interest in having the assets of the succession increased so as to satisfy his claim.

Hence it follows that there is a real controversy over the status of this real estate with the _certainty_ that the administratrix must ultimately account for this property in some way, and the _possibility_ that she may be condemned for its value. In the latter event the assets of the succession would be increased above the lower limit of the jurisdiction of the Supreme Court and that court has jurisdiction over such controversies.

The precise point was raised and passed upon in Succession of Scott, 41 An 669. There the administratrix filed an account showing assets for distribution amounting to less than $2000, to which an opposition was filed praying that other assets be added to the account, which if allowed would raise the amount to be distributed above $2000; and the Supreme Court held that it had jurisdiction of the appeal whether taken by the administratrix or by the opponent.

Incidentally it may be said that this same case is authority for the proposition that when it is conceded on all sides that the items appearing on the inventory do not in fact belong to the succession and form no part of its assets, they are not to be considered in determining appellate jurisdiction. But, as we have said, there is no such concession here.

111.

The appellee insists that we should not transfer this case to the Supreme Court but should dismiss it absolutely; and for that he relies upon Vidrine vs Dupre, 136 La 820, as holding in effect

that act 19 of 1912 (authorizing the transfer of appeals from one appellate court to another, where the appeal has been taken to the wrong court) contains an unconstitutional grant of power.

We find nothing in that case on which to found such a doctrine. There the Supreme Court held simply this and no more; that in a case in which the Court of Appeal had jurisdiction, and had exercised that jurisdiction by rendering final judgment in the cause, the application for a Writ of Review under Article 101 of the Constitution must be made to the Supreme Court itself, which (within certain delays) had full discretion to grant or deny such writ; and that the Legislature was without power to authorize parties to make such application to the Court of Appeal, or direct the granting thereof by such Court of Appeal and the hearing thereof by Supreme Court as of right.

But this has nothing to do with a case in which one appellate court has no jurisdiction, and in which it purposes to exercise none because it finds that some other appellate court is alone vested with jurisdiction. In such circumstances the question of transferring from the one court to the other involves only the manner and time of lodging an appeal in the proper court, matters which (differently from a writ of review) are not regulated by the Constitution, and over which the Legislature has, and from time immemorial has exercised, the fullest and most complete control.

The fact is that the purpose and effect of Act 19 of 1912 is simply this; that whenever an appellate court shall refuse to enter-tain an appeal because it finds that jurisdiction thereof properly belongs to some other appellate court the appellant shall not on that account lose his appeal but may simply take the transcript to the proper court and there proceed with his appeal as though it had been lodged from the first in the court where it belonged.

It is therefore ordered that this appeal be now transferred to the Supreme Court of Louisiana in the same manner as if said appeal had originally been taken to said Court.